IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HILDA LOGAN                                                                            PLAINTIFF
*On behalf of J.A.L.*,
A MINOR

vs.                              Civil No. 2:16-cv-02146

NANCY A. BERRYHILL                                  DEFENDANT
Acting Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Hilda Logan ("Plaintiff") brings this action on behalf of J.A.L., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying J.A.L.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed an SSI application on behalf of J.A.L. on August 13, 2013. (Tr. 63). With this application, Plaintiff alleges J.A.L. is disabled due to a learning disability, speech delays, and seizures. (Tr. 199). Plaintiff alleges J.A.L.'s onset date was February 28, 2008. (Tr. 63).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

This application was denied initially and again upon reconsideration. (Tr. 113-124).

Thereafter, Plaintiff requested an administrative hearing on January 7, 2014. (Tr. 146). This hearing request was granted, and Plaintiff's administrative hearing was held on September 17, 2014 in Fort Smith, Arkansas. (Tr. 83-112). Plaintiff and J.A.L. were present and represented by Lawrence Fitting. *Id.* Plaintiff, a witness for Plaintiff, and J.A.L. testified at this hearing. *Id.*

On February 25, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of J.A.L. (Tr. 60-78). In this decision, the ALJ determined J.A.L. was a preschooler on the date the application was filed and was currently a school-age child. (Tr. 66, Finding 1). The ALJ determined J.A.L. had not engaged in Substantial Gainful Activity ("SGA") since August 13, 2013, her application date. (Tr. 66, Finding 2). The ALJ determined J.A.L. had the following severe impairments: partial complex seizure disorder and speech language delay. (Tr. 66, Finding 3). The ALJ also determined, however, that none of J.A.L.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 66, Finding 4).

In assessing whether J.A.L.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 66-77, Finding 5). J.A.L. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care for himself; and (6) no limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined J.A.L. had not been under a disability, as defined by the Act, at any time from the date Plaintiff's application was filed through the date of the ALJ's

2

decision. (Tr. 78, Finding 6).

Thereafter, on March 31, 2015, Plaintiffs requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 58). On May 12, 2016, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On June 27, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 29, 2016. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)),

3

which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2013, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the

4

standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)*.* An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

3.  **Discussion:**

In Plaintiff's appeal brief, she raises three arguments for reversal: (1) the ALJ erred in evaluating J.A.L.'s limitations in acquiring and using information; (2) the ALJ erred in evaluating J.A.L.'s limitations in attending and completing tasks; and (3) the ALJ erred in evaluating J.A.L.'s limitations in interacting and relating with others. ECF No. 13 at 8-12. Upon review of these arguments and the ALJ's opinion, the Court cannot find the ALJ's assessment of these three domains

of functioning is supported by substantial evidence. Accordingly, this case must be reversed and remanded.

Notably, in assessing J.A.L.'s limitations in acquiring and using information, attending and completing tasks, and interacting and relating with others, the ALJ referenced the report from J.A.L.'s kindergarten teacher, Mrs. Theresa Frazier, and a report from J.A.L.'s grandfather which largely supported J.A.L.'s alleged limitations. (Tr. 70-74). The ALJ then referenced the findings of two reviewing, non-examining state agency medical consultants and relied upon those findings. *Id.* The ALJ never explained *how* the opinions of Mrs. Frazier and J.A.L.'s grandfather were not credible or should be discounted. *Id.* Accordingly, the Court cannot find the ALJ's disability determination is supported by substantial evidence.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of J.A.L. is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 13th day of June 2017.**

                                                    /s/   Barry A. Bryant  
                                                  HON. BARRY A. BRYANT  
                                                  U.S. MAGISTRATE JUDGE